**SO GOOD POTATO CHIP CO., a Corporation, Plaintiff,**

v.

**FRITO–LAY, INC., a Corporation, Defendant.**

No. 69 C 186(1).

United States District Court,
E. D. Missouri, E. D.

March 3, 1971.

Chas. S. Sigoloff and J. E. Sigoloff, St. Louis, Mo., for plaintiff.

Guilfoil, Symington & Petzall, St. Louis, Mo., and Thos. C. Shelton and Albert C. Tate, Jr., Kilpatrick, Cody, Rogers, McClatchen & Regenstein, Atlanta, Ga., for defendant.

MEMORANDUM

MEREDITH, Chief Judge.

This is an action brought by plaintiff, So Good Potato Chip Company, to obtain an injunction to permanently enjoin the defendant, Frito-Lay, Inc., from manufacturing, selling, and distributing "Fritos", "Doritos", "Fandangos", and "Intermission" brand corn chips and any other corn chips within the licensed territory granted by defendant to plaintiff under a franchise agreement, dated September 29, 1957. The plaintiff also seeks to permanently enjoin defendant from advertising within plaintiff's licensed territory that defendant manufactures and sells "Fritos" brand corn chips.

Plaintiff, So Good Potato Chip Company, is a Missouri corporation, with its principal place of business in St. Louis, Missouri. Defendant, Frito-Lay, Inc., is a Delaware corporation, with its principal place of business in Texas. The matter in controversy exceeds the sum of $10,000, exclusive of interest and costs. This Court has jurisdiction under 28 U.S.C. § 1332.

On September 29, 1957, defendant licensed plaintiff to manufacture and dis-

---

tribute corn chips under the processes and formulae of the defendant and its trademark "Fritos" within a prescribed area in Missouri and Illinois. This agreement superseded a franchise agreement dated November 10, 1945.

Prior to the present litigation, defendant introduced "Doritos", "Intermission", and "Fandangos" brand chips into plaintiff's licensed territory. Plaintiff objects to the introduction of these products by defendant. Plaintiff contends that defendant has no right to manufacture, sell, or distribute any corn chips or corn products made from whole corn, within the area to which defendant granted plaintiff an exclusive license for the sale, manufacture, and distribution of "Fritos" brand corn chips. Plaintiff further contends that the contract of September 29, 1957, must be considered as containing an implied negative covenant that at any time during the term of the franchise agreement defendant will not engage directly or indirectly in the manufacture and/or sale of corn chips or similar products as to be competitive to the products sold under the franchise agreement. Defendant's position is that it may use the trademark "Fritos" in connection with the sale of any product in the territory defined in the franchise agreement, except corn chips manufactured in accordance with the processes and formulae furnished to plaintiff and that it may sell corn chips, as well as any other product, in such territory under any trademark other than "Fritos".

■ It is clear that except for "Fandangos" brand corn snacks, the products here in issue represent distinct, separate categories of snack foods. "Doritos" brand tortilla chips and "Intermission" brand popped corn chips are not corn chips, as that term is used in the trade and by the parties in the franchise agreement. "Fritos" brand corn chips, "Doritos" brand tortilla chips, and "Intermission" popped corn chips are different in shape, color, texture, taste, aroma, and hardness. These three products utilize different types and blends of corn as their basic ingredient. They require different machinery, cooking time, cooking temperature, and total processing time. They are packaged in distinctive packages, sold at different prices, and advertised separately. The "Fandangos" corn snack, while it is a corn chip, is clearly distinguished from the "Fritos" brand corn chip by its shape, color and taste. Thus, from a preponderance of the evidence, the Court finds that neither "Doritos", "Intermission", nor "Fandangos" are so similar to "Fritos" brand corn chips as to be competitive therewith in any sense of the words "similar" and "competitive", which the parties might have intended by their usage in the franchise agreement.

■ It is the opinion of this Court that the franchise agreement provisions negate any intention by the parties to restrict competition by Frito-Lay, other than as to the sale of corn chips under the trademark "Fritos", within the licensed territory. Consideration of the specific provisions of the agreement precludes the implication that any covenant against sales by Frito-Lay of the products at issue was intended by the parties. This Court finds that the franchise agreement only proscribes sales by defendant of "Fritos" corn chips. The defendant is free to sell "Doritos", "Fandangos", and "Intermission" brand snack foods in the franchised territory. Such sales are not violative of the franchise agreement. Plaintiff also seeks to enjoin defendant from advertising within plaintiff's licensed territory that defendant manufactures and sells "Fritos" brand corn chips. There is no provision in the franchise agreement that prohibits defendant from advertising within the plaintiff's territory that defendant manufactures and sells "Fritos" brand corn chips. Absent such a provision, this Court will not enjoin defendant from such advertising. Judgment will be entered for the defendant.